IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

| | | |
|---|---|---|
| ARCH WOOD PROTECTION, INC., | ) | |
| *plaintiff*, | ) | Case No. 1:10-cv-282 |
| | ) | |
| v. | ) | Collier/Carter |
| | ) | |
| FLAMEDXX, LLC., | ) | |
| *defendant*. | ) | |

REPORT and RECOMMENDATION

I. Introduction

On March 29, 2012, the District Court set aside the default entered against FlamedXX, LLC (FlamedXX) on the condition that FlamedXX pay to Arch Wood Protection, Inc. (Arch wood), as a sanction, Arch Wood's reasonable attorney's fees and expenses incurred to effect service of process, obtain a default, and apply for default judgment. The amount of attorney's fees and expenses to be awarded has been referred by the District Court to the undersigned Magistrate Judge pursuant to Fed. R. Civ. P. 72(c) for a report and recommendation. For the reasons stated herein, the undersigned RECOMMENDS Arch Wood be awarded the entire amount requested: $37,940.35 in attorney's fees and expenses.

II. Background

The undersigned has detailed the background of this case thoroughly in a twenty-two page report and recommendation filed on February 22, 2012. I will briefly recount the relevant background. For three months plaintiff, at considerable expense, energy, and frustration, diligently attempted to serve the defendant, a limited liability company, with process and a complaint, even hiring a private process server in an attempt to locate the registered agent for defendant in order to serve him. Defendant's registered agent refused to cooperate in the process

despite his legal obligation to do so. Plaintiff eventually effected service, defendant failed to respond to the complaint, a default was entered, and plaintiff moved for a default judgment. Thereafter, defendant moved to set aside the default. On February 8, 2012, the undersigned held what was essentially a one day, mini-trial on the defendant's motion to set aside the default. The issues before the undersigned included whether valid service on defendant had been effected (it had) and whether defendant's registered agent had willfully evaded service (he did). The parties presented four witnesses and at least 25 exhibits. Following the evidentiary hearing, the undersigned entered a report and recommendation finding that defendant's registered agent had treated plaintiff's efforts to serve him like a game, had shown a lack of respect for his responsibilities as a registered agent for FlamedXX, and had shown an intent to thwart judicial proceedings. The undersigned further found that "it was this conduct that resulted in FlamedXX's being in default." (Doc. 73, Report and Recommendation, Page ID # 280). The undersigned recommended defendant's motion to set aside the default be denied, or, in the alternative, as a condition for setting aside the default, plaintiff be awarded reasonable attorney's fees and expenses for 1) Arch Wood's reasonable attorney's fees and expenses incurred in attempting to obtain service on FlamedXX, both by certified mail and through personal service to Thompson, 2) Arch Wood's reasonable attorney's fees and expenses incurred in preparing its application for entry of default, its motion for default judgment, and its response in opposition to FlamedXX's motion to set aside default, and 3) Arch Wood's reasonable attorney's fees and expenses incurred in preparing for and attending the February 8, 2012 evidentiary hearing on FlamedXX's motion to set aside default.

      The District Court adopted the undersigned's alternative recommendation stating,

> [a]lthough the Court concludes the conduct of FlamedXX and Thompson [FlamedXX's registered agent] does not justify entry of default, such conduct does warrant sanction. Whether he was acting with the intent to evade service of process (as the Magistrate Judge concluded) or was instead repeatedly negligent in failing to change his address with the Tennessee Secretary of State and check his various mailboxes,

2

> Thompson's actions in this case considerably–and needlessly–increased the amount of time and energy Arch Wood, the Magistrate Judge, and this Court have had to spend on this case. His conduct also increased the amount of monetary resources Arch Wood has been required to spend on the relatively simple aspect of initiating the case through service of process. Accordingly, the Court concludes imposition of monetary sanctions to account for Thompson's conduct is appropriate.

(Memorandum, Doc. 41, Page ID # 393-94) (brackets added) (parentheses original).

### III. Analysis

Plaintiff Arch Wood has submitted a detailed breakdown of the fees and expenses it is seeking. (*See* Exhibit B to Plaintiff's Motion for Reasonable Attorney's Fees and Expenses, Doc. 46-2). This breakdown can be summed up in three broad categories:

| | |
|---|---|
| Attempts to obtain service on FlameDXX | $2,114.20 |
| Preparing application for default, motion for default judgment and response in opposition to motion to set aside | $13,719.25 |
| Preparing for and participation in February 8, 2012 evidentiary hearing | $22,106.90 |
| Total | $37,940.35 |

Defendant complains that this amount is unreasonable because (1) only twelve pages total were filed for plaintiff's request for entry of default, for plaintiff's motion for default, and for plaintiff's memorandum in opposition to defendant's motion to set aside default, (2) the evidentiary hearing took only one day and was attended by two attorneys for plaintiff instead of one attorney, (3) the amount sought by Arch Wood, $37,940.35, is about 10% of the total amount in in controversy, $400,000, in the case and (4) immediately upon being retained, FlamedXX's counsel agreed to accept service for FlamedXX and "Plaintiff could have agreed to move forward with the litigation, but instead chose to attempt to obtain a judgment against defendant without any hearing on the merits." (FlamedXX's response, Doc. 47, Page ID # 2-3).

3

FlamedXX's response evinces FlamedXX's continued refusal to acknowledge the seriousness of FlamedXX's conduct in evading service and the amount of time, energy, and money expended by plaintiff to initiate legal proceedings in order that the parties' disagreement might be resolved in the manner provided for by civilized societies. FlamedXX's implication that Arch Wood unnecessarily multiplied costs by seeking default judgment after FlamedXX agreed to accept service and participate in litigation is ironic given how unnecessarily costly FlamedXX's conduct has been to both the plaintiff and the Court. FlamedXX appears to argue that the Court should simply excuse any conduct by a party to thwart the judicial process if, after being forcibly brought to the litigation table kicking and screaming, the party finally relents and agrees to be part of the litigation process. FlamedXX had multiple opportunities to accept service and only offered to do so *after* default was entered. The undersigned will not recommend penalizing Arch Wood for pursuing its remedies after default was entered.

As to the number of pages filed by Arch Wood relating to its request for a default against FlamedXX and the specific amount of time spent preparing for and participating in the February 8, 2012 evidentiary hearing by Arch Wood's counsel, the undersigned finds Arch Wood's reply [Doc. 49] to defendant's response to Arch Wood's motion for attorney's fees and expenses accurately explains the amount of work that was required by Arch Wood's counsel. Further, the undersigned has read every motion and brief filed by Arch Wood in this case. Every paper filed by Arch Wood and for which Arch Wood seeks fees was carefully researched and well supported and was either specifically requested by the undersigned or necessary given the various positions taken by FlamedXX in this case. As to the evidentiary hearing itself, the factual matters at issue were very detail oriented and required careful preparation prior to the hearing. Further, the undersigned notes that both parties had two attorneys at counsel's table. In sum, I can find no

4

reason to reduce the amount of attorney's fees and expenses sought by Arch Wood. Taking into account the factors listed in Rule 1.5 of the Tennessee Rules of Professional Conduct, I conclude the attorney's fees and expenses incurred and now sought by Arch Wood were reasonable given the factual and legal issues raised in this matter.

IV. Analysis

Accordingly, it is RECOMMENDED that Arch Wood be AWARDED from FlamedXX attorney's fees and expenses in the amount of $37,940.35.[1]

/s *William B. Mitchell Carter*
William B. Mitchell Carter
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).